**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2068**

SATURNIN ALBAN CYRILLE YADAMA-GBEBRY,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A95-216-256)

Submitted: February 28, 2006          Decided: April 26, 2006

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington,
Virginia, for Petitioner. Paul J. McNulty, United States Attorney,
Ralph Andrew Price, Jr., Assistant United States Attorney,
Alexandria, Virginia, for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Saturnin Alban Cyrille Yadama Gbebry, a native and citizen of the Central African Republic ("CAR"), petitions for review of the Board of Immigration Appeals' ("Board") order affirming and adopting the immigration judge's decision denying asylum, withholding from removal and withholding under the Convention Against Torture. Gbebry also challenges the Board's decision denying the motion to remand to consider an application for adjustment of status. We deny the petition for review.

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2005); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). Credibility findings, relevant to the subjective component, are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

A determination regarding eligibility for asylum or withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be

compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2000).  This court will reverse the Board "only if 'the evidence presented by the petitioner was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Huaman-Cornelio, 979 F.2d at 999 (internal quotation marks omitted)).  We find with respect to Gbebry's applications for relief, the evidence does not compel a different result.  We further find the Board properly denied the motion to remand.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>